USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: ___1/4/2021_____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

\----------------------------------------------------------------------- x

FENG LIU,                                                        :
                                                                :
                                           **Plaintiff,**        :
                                                                :          **19-CV-8031 (ALC)**
                        -against-                               :
                                                                :          <u>**OPINION & ORDER**</u>
                                                                :
FRANK DICARLO, ET AL.,                            :
                                                                :
                                                                :
                                           **Defendants.**      :
\----------------------------------------------------------------------- x

**ANDREW L. CARTER, JR., District Judge:**

Plaintiff Feng "Kevin" Liu (hereinafter, "Plaintiff" or "Mr. Liu") brings this action *pro se*

against the United States of America (hereinafter, "Defendant" or "the Government") and

individual law enforcement officers, alleging malicious prosecution and negligence pursuant to

the Federal Tort Claims Act ("FTCA"). Before the Court is the Government's motion to dismiss

Mr. Liu's complaint. For the reasons discussed below, the Government's motion is **GRANTED**.

**PROCEDURAL HISTORY**

Mr. Liu commenced this action on August 27, 2019. ECF No. 2. On September 16, 2019,

the Court dismissed Plaintiff's claims against Frank DiCarlo and "other law enforcement

officer(s) of [the] FBI." ECF No. 5 at 3. On December 9, 2019 the Government filed a letter

informing the Court of its intent to file a motion to dismiss for lack of subject matter jurisdiction

and failure to state a claim. ECF No. 9. On January 14, 2020 the Court ordered Plaintiff to

respond to Defendant's letter on or before January 31, 2020, but Plaintiff did not respond. ECF

No. 11. On February 26, 2020 the Court granted Defendant leave to file a motion to dismiss.

ECF No. 14. The Government filed their motion to dismiss on March 12, 2020. ECF No. 15. On

May 6, 2020 the Government filed a letter informing the Court that to date Plaintiff had failed to

file or serve his opposition and requesting that the Court deem the motion to be fully submitted. ECF No. 18. On May 20, 2020, Plaintiff wrote a letter to the Court requesting "more time in seeking legal counsel and preparing the legal process under this special circumstance." ECF No. 20 at 1. This letter contained arguments in opposition to the Government's motion to dismiss. On June 3, 2020, the Government responded to Mr. Liu's letter and addressed Plaintiff's arguments in opposition to their motion to dismiss the complaint. ECF No. 21.

On June 9, 2020 the Court granted Plaintiff four weeks to find an attorney and granted Plaintiff an extension until July 28, 2020 to file an opposition to the Government's motion to dismiss. ECF No. 23. On August 11, 2020, the Government filed a letter informing the Court that no attorney had entered an appearance on Plaintiff's behalf and no opposition had been served or filed. ECF No. 24. On September 24, 2020 the Court issued an Order to Show Cause why the Government's motion should not be deemed unopposed. ECF No. 26. On December 4, 2020 the Court issued an order directing the Government to serve Mr. Liu with the Order to Show Cause and extending the deadline to respond until December 28, 2020. ECF No. 27. The Government served Mr. Liu with the Order to Show Cause and order extending the deadline to respond on December 7, 2020. ECF No. 28. To date Mr. Liu has not responded. Thus, the motion is deemed unopposed and fully briefed.

## BACKGROUND[1]

Mr. Liu is a permanent resident from China. Compl. ¶¶ 21, 23. He has a master's degree in Financial Mathematics from the University of Chicago. *Id.* ¶ 22. On or around May 14, 2012,

---

[1] When determining whether to dismiss a case, the court accepts as true all well-pleaded factual allegations in the Complaint and draws all reasonable inferences in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). Furthermore, "[a] complaint is deemed to include any written instrument attached to it as an exhibit." *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) (citations omitted); Fed. R. Civ. P. 10(c). Pursuant to that standard, this recitation of facts is based on Plaintiff's Complaint and accompanying exhibits. *See* ECF No. 2.

Mr. Liu joined the Depository Trust & Clearing Corporation ("DTCC") as a Quantitative Developer consultant. *Id.* ¶¶ 2, 24. On or about June 18, 2012, Mr. Liu was terminated for sending work material to his personal cloud storage account. *See, e.g.*, *id.* ¶¶ 25, 33. DTCC also reported the matter to the FBI. *Id.* ¶ 33.

The FBI subsequently conducted an investigation into Mr. Liu's activities. *See, e.g.*, *id.* ¶¶ 34, 36-37. This included communicating with his employers, including Credit Suisse, Bank of America, Mizuho Bank, MUFG, and JP Morgan Chase. *See, e.g.*, *id.* ¶¶ 40-42, 48-49, 52-53, 56-57, 60-61, 64-65, 68-69, 74-75. As a result, Mr. Liu's employers terminated him a few weeks after commencing employment, and he has not been able to maintain a job. *See, e.g.*, *id.* ¶¶ 46, 50, 54, 58, 62, 66, 70, 76. Mr. Liu has never been charged or arrested as a result of the FBI's investigation. *Id.* ¶¶ 7, 39.

Plaintiff alleges that he filed an administrative tort complaint (Standard Form 95) with the Department of Justice on or about July 14, 2018. *Id.* ¶ 77; *see also id.*, Ex. C. However, the Government has no record of ever receiving Mr. Liu's complaint. *See* Def. Mot. to Dismiss at 2 ("Def Mot."); Jenkins Decl. ¶ 3; Crum Decl. ¶ 3.

## STANDARD OF REVIEW

### A. Fed. R. Civ. P. 12(b)(1)

When considering a motion to dismiss for lack of subject matter jurisdiction under Fed R. Civ. P. 12(b)(1), "the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (citing *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011) (per curiam)). Where jurisdictional facts are at issue, "'the court has the power and obligation to decide issues of fact

by reference to evidence outside the pleadings, such as affidavits.'" *Id.* (citing *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003)). But, "the party asserting subject matter jurisdiction 'has the burden of proving by a preponderance of the evidence that it exists.'" *Id.* (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

### B. *Pro Se* Plaintiffs

Considering this standard, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted). In particular, "the pleadings of a *pro se* plaintiff must be read liberally and should be interpreted to raise the strongest arguments that they suggest." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)) (internal quotation marks omitted). "Finally, although generally a district court should not dismiss a *pro se* complaint without granting the plaintiff leave to amend, dismissal is appropriate where leave to amend would be futile." *Tylicki v. Schwartz*, 401 F. App'x 603, at **2 (2d Cir. 2010), *cert. denied*, 563 U.S. 908 (2011) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

### DISCUSSION

### I.   THE COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS PURSUANT TO THE FTCA

An FTCA plaintiff "bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Cooke v. United States*, 918 F.3d 77, 80 (2d Cir. 2019), *cert. denied*, --- U.S. ---, 139 S.Ct. 2748 (2019) (quoting *McGowan v. United States*, 825 F.3d 118, 125 (2d Cir. 2016)) (internal quotation marks omitted). This includes establishing that he has "exhausted [his] administrative remedies by presenting [his] claim to the appropriate federal

agency before filing suit." *Id.* This requirement is only satisfied when "a Federal agency *receives*

from a claimant . . . an executed Standard Form 95 or other written notification of an incident."

*Id.* at 81 (quoting 28 C.F.R. § 14.2) (emphasis in original) (internal quotation marks omitted).

More specifically, the mailbox rule—the common law presumption that a mailing was received

by its intended recipient—does not apply to the FTCA. *Id.* at 82.

In *Cooke*, the plaintiff's complaint involving conduct by CBP agents was dismissed for

lack of subject matter jurisdiction for failing to exhaust her administrative remedies where

Plaintiff did not show the correct Federal agency had received her completed Standard Form 95.

918 F.3d 77. In that case, plaintiff mailed a Standard Form 95 to the DHS Office of Civil Rights

and Civil Liberties even though the Standard Form 95 contains detailed instructions that it should

be sent "directly to the appropriate Federal agency whose employee(s) was involved in the

incident." *Cooke*, 918 F.3d at 79 (quoting Standard Form 95) (internal quotations omitted). In

support of their motion to dismiss for lack of subject matter jurisdiction, the Government had

submitted a declaration from a CBP Assistant Chief Counsel noting that "all claims are entered

into the CBP's Chief Counsel Tracking System ('CCTS')" and that he had conducted a search

for plaintiff's name and "determined that CCTS contain[ed] no records of any claim filed by

[plaintiff] under the FTCA in . . . any . . . CBP Counsel office." *Id.* at 79. The Second Circuit

held that in order to establish that plaintiff had exhausted her administrative remedies, "she must

show actual receipt" of the Standard Form 95 which she had failed to do. *Id.* at 82. Thus, the

Second Circuit affirmed the district court's dismissal for lack of subject matter jurisdiction.

*Cooke* is on all fours with the case before the Court. Plaintiff has alleged that he mailed

the Standard Form 95 on or around July 14, 2018 and has attached a copy of the form to his

Complaint. Compl. ¶ 77; *see also id.*, Ex. C. However, Plaintiff has not shown that the

appropriate Federal Agency received the form. Further, in support of its motion to dismiss, the

Government submitted an affidavit by Elijah Jenkins, a Supervisory Technical Support Specialist

within the Department of Justice, stating that "all administrative tort claims under the Federal

Tort Claims Act pertaining to the Department's activities are handled by the Civil Division of the

Department" with the exception of those related to activities of the FBI and other agencies not

relevant here. Jenkins Decl. ¶ 2. Mr. Jenkins also declared that he "caused the appropriate

Records Systems within the Civil Division of the Department to be searched and there is no

record of an administrative claim being presented by Feng 'Kevin' Liu." *Id.* ¶ 3. The

Government also submitted a second affidavit from Deborah A. Crum, the Unit Chief of the

Discovery Processing Unit I, Office of the General Counsel, who testified essentially the same as

to the administrative claims submitted to the FBI. Crum Decl. ¶¶ 2-3.

Because Plaintiff has not shown that the appropriate Federal agency received his

completed Standard Form 95, the Court lacks subject matter jurisdiction over his FTCA claims.

The Court is unpersuaded by the arguments included in Mr. Liu's May 20, 2020 letter, to the

extent these are purported to constitute Plaintiff's opposition to the Government's Motion to

Dismiss. ECF No. 20. Mr. Liu argues that "the form not being found in [the] Records System

within the Civil Division of the Department of Justice does not mean the SF-95 Form has not

been received" and states that he contacted the Office of the Inspector General asking them to

investigate the location of the SF-95 form. ECF No. 20 at 1. To date, Mr. Liu has provided no

update on this "investigation" and no proof that the Office of the Inspector General received the

Standard Form 95. Thus, Mr. Liu's FTCA claims are dismissed without prejudice. *Thompson v.*

*Cnty. of Franklin*, 15 F.3d 245, 253 (2d Cir. 1994) ("[D]ismissals for lack of subject matter

jurisdiction are not on the merits and are not accorded *res judicata* effect.") (citing *Exchange*

*Nat'l Bank of Chicago v. Touche Ross & Co.*, 544 F.2d 1126, 1130-31 (2d Cir. 1976), *modified*

*on other grounds by Chemical Bank v. Arthur Anderson & Co.*, 726 F.2d 930 (2d Cir.), *cert.*

*denied*, 469 U.S. 884 (1984)).

### CONCLUSION

For the reasons herein, the Government's motion to dismiss is **GRANTED**.

**SO ORDERED.**

**Dated: January 4, 2021**
       **New York, New York**

                                                    ANDREW L. CARTER, JR.
                                                    United States District Judge

7